IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| SHARLENE CHAMBERS<br>1614 North W Street<br>Vidalia, GA 30474<br><br>Plaintiff,<br><br>v.<br><br>ACUITY BRANDS LIGHTING, INC.<br>d/b/a Lithonia Lighting<br>322 West Dykes Street<br>Cochran, GA 31014<br><br>Defendant. | CIVIL ACTION<br><br>No. 5:09-cv-397<br><br>JURY TRIAL DEMANDED |

**CIVIL ACTION COMPLAINT**

Plaintiff, Sharlene Chambers, by and through her undersigned counsel, hereby avers as follows:

## I. INTRODUCTION

1. This action has been initiated by Sharlene Chambers (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of Title VII of the Civil Rights Act of 1964. Plaintiff alleges that she was subjected to unlawful discrimination based on her sex.

## II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights, namely Title VII of the Civil Rights Act of 1964.

3. This Court has personal jurisdiction over Defendant because Defendant, by systematically soliciting business in Georgia (operating multiple businesses therein), has sufficient minimum contacts with this judicial district that the exercise of such jurisdiction

comports with traditional notions of fair play and substantial justice, satisfying the standards set forth in *International Shoe Company v. Washington*, 326 U.S. 309 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant conducts substantial, systematic and continuous activity in this district and the transactions and/or occurrences underlying this action occurred in the state of Georgia.

## III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth above.

7. Defendant is a manufacturer of commercial and residential lighting provides which business locations throughout Georgia.

8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

9. Plaintiff filed a Charge of discrimination with the Equal Employment Opportunity Commission (EEOC) asserting that she was subjected to discrimination based on her sex. Plaintiff properly exhausted her administrative requirements by filing a timely Charge (as set forth above) and by filing the instant Complaint within ninety (90) days of receiving a notice of dismissal from the EEOC.

## IV. FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a female who was hired by Defendant as a Fabricator on or about February 2008.

12. Plaintiff completed her work satisfactorily and never received any discipline.

13. Plaintiff work predominantly with male employees.

14. During her employment, Plaintiff observed that male employees where treated in a more favorable manner than female employees regarding company policies and rules.

15. In or about July 2008, Plaintiff had to time two days of due to medical reasons.

16. Plaintiff was terminated from her employment as a result of taking two excused absences because of medical reasons.

17. Defendant allowed male employees to miss more days of work than Plaintiff but allowed them to retain their employment.

18. Plaintiff's termination was solely motivated by her gender.

19. As a direct result of Plaintiff's termination, Plaintiff has had a substantial loss in income.

**COUNT I**
**Title VII of Civil Rights Act of 1964 (42 U.S.C. §2000e-2)**
**(Sex Discrimination)**

20. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

21. Plaintiff was terminated by Defendant because of her sex.

22. These actions as aforesaid constitute violations of Title VII of the Civil Rights Act of 1964.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.  Defendant is to promulgate and adhere to a policy prohibiting discrimination based on sex;

B.  Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C.  Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

D.  Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

E.  Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F.  Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal law.

Dated: November 16, 2009

**LAW OFFICES OF JAY E. LEE II, P.C.**

/s/ James E. Lee (443405)
James E. Lee, II- *Local Counsel*
870 College Street
Macon, GA 31201
(478) 749-6901

**KARPF, KARPF & VIRANT, P.C.**

______________________________
Adam C. Virant
*pro hac vice motion to be filed*
140 Broadway, 46th Floor
New York, NY 10005
(212) 929-6030